UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHICAGO REGIONAL COUNCIL OF CARPENTERS and UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | 05 C 3958 |
| KATTAN & KATTAN GENERAL CONTRACTORS INCORPORATED and KATTAN & KATTAN GROUP, INC., | ) ) ) ) ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION**

CHARLES P. KOCORAS, Chief District Judge:

This matter is before the Court on Cross-Motions for Summary Judgment. Plaintiffs, Chicago Regional Counsel of Carpenters and United Brotherhood of Carpenters and Joiners of America ("Unions"), seek summary judgment confirming an arbitration award and, in addition, request that we grant fees and costs incurred in enforcing said award. Kattan & Kattan General Contractors, Inc. and Kattan & Kattan Group, Inc. (collectively referred to as "Defendants") seek summary judgment vacating the award as to Kattan & Kattan Group, Inc. For the following reasons, we grant

Unions' Motion for Summary Judgment, deny their request for fees and costs without prejudice and deny Defendants' Motion.

## BACKGROUND

The relevant facts are taken from the parties' Local Rule 56.1 ("L.R.56.1") filings. As is the practice in this district, we only consider those facts or additional facts presented in conformity with L.R. 56.1. The alleged facts not properly before us or unsupported by the record have been disregarded. See Brasic v. Heinemann's Inc., 121 F.3d 281, 284 (7th Cir.1997).[1]

Unions are unincorporated labor organizations as defined under § 301 of the Labor Management Relations Act, as amended, 29 U.S.C. § 185, with their principal places of business in Chicago, Illinois. Defendants are Illinois corporations with their principal places of business in Chicago, Illinois, and are signatory to the Chicago Regional of Carpenters' Collective Bargaining Agreement ("CBA"). Hilda Alfaro is the president of Kattan & Kattan Group, Inc., and Gustavo Kattan is the president of Kattan & Kattan General Contractors, Inc.

In a letter dated March 24, 2005, Unions renewed a request for arbitration, pursuant to the CBA, against Defendants by demanding records pertaining to the wage

---

[1] Although the Defendants submitted a 56.1 statement, they failed to provide any record citations supporting their purported facts. Consequently, those factual allegations were disregarded.

dispute of Gerardo Peralto and a July 1999 to March 2000 Wage & Hour Audit. That demand cautioned Defendants that failure to produce said records would result in the admission of Unions' claim pursuant to the CBA.

Subsequently, Unions requested from the Arbitrator an arbitration hearing date. The Arbitrator suggested possible dates, and on April 13, 2005, Unions faxed their May 26, 2005 choice to the Arbitrator, Hilda Alfaro and Gustavo Kattan. Copies of the demand for hearing and the Arbitrator's proposed hearing dates were also included.

In a letter dated April 18, 2005, Unions requested a conference call with the Arbitrator and the Defendants. On the day of the conference call, the Arbitrator and Unions' attorney called the single telephone number listed for Kattan & Kattan Group, Inc., Kattan & Kattan General Contractors, Inc., Hilda Alfaro and Gustavo Kattan. They were informed that Hilda Alfaro was unavailable and that Gustavo Kattan was "out in the field." Consequently, the Arbitrator suggested that Unions issue subpoenas for the requested documents. Unions did so on April 27, 2005, but the Defendants failed to comply.

On May 19, 2005, the Arbitrator noted in a letter that it was apparent Defendants did not intend to participate in the arbitration hearing, and that unless they did so within ten (10) days, a directed verdict would be issued pursuant to Unions' request. Defendants again failed to respond, and on June 2, 2005, the Arbitrator issued a

directed verdict and awarded Unions penalties, pursuant to Article 18.1 of the CBA, for failure to respond to repeated requests for the documents necessary to proceed to arbitration. Unions demanded payment of the arbitration award from Defendants on June 8, 2005. Again Defendants failed to respond.

On July 7, 2005, Unions brought the instant suit to collect the arbitration award and, on December 1, 2005, filed the instant Motion for Summary Judgment. Subsequently, on December 22, 2005, Defendants filed their Cross-Motion for Summary Judgment contesting Kattan & Kattan Group, Inc.'s liability.

## **LEGAL STANDARDS**

Summary judgment is appropriate only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247, 106 S. Ct. 2505 (1986). In seeking a grant of summary judgment, the moving party must identify "those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986) (quoting Fed. R. Civ. P. 56(c)). This initial burden may be satisfied by presenting specific evidence on a particular issue or by pointing out "an absence of evidence to support the non-moving party's case." Celotex, 477 U.S. at 325. Once the

movant has met this burden, the non-moving party cannot simply rest on the allegations in the pleadings, but "must set forth specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e).  A "genuine issue" in the context of a motion for summary judgment is not simply a "metaphysical doubt as to the material facts," Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S. Ct. 1348 (1986); rather, "[a] genuine issue exists when the evidence is such that a reasonable jury could find for the non-movant."  Buscaglia v. United States, 25 F.3d 530, 534 (7th Cir.1994).  When reviewing the record we must draw all reasonable inferences in favor of the non-movant; however, "we are not required to draw every conceivable inference from the record-only those inferences that are reasonable."  Bank Leumi Le-Israel, B.M. v. Lee, 928 F.2d 232, 236 (7th Cir.1991).

When parties file cross-motions for summary judgment, each motion must be assessed independently, and denial of one does not necessitate the grant of the other. M. Snower & Co. v. United States, 140 F.2d 367, 369 (7th Cir.1944).  Rather, each motion evidences only that the movant believes it is entitled to judgment as a matter of law on the issues within its motion and that trial is the appropriate course of action if the court disagrees with that assessment.  Miller v. LeSea Broad., Inc., 87 F.3d 224, 230 (7th Cir.1996).  With these principles in mind, we turn to the parties' motions.

## DISCUSSION

At the outset, it is important to note that Defendants do not contest the arbitration award as it relates to Kattan & Kattan General Contractors, Inc. and, therefore, summary judgment is granted in favor of Unions against Kattan & Kattan General Contractors, Inc. However, Defendants contend that Kattan & Kattan Group, Inc. was never notified of the pending arbitration because the original documents and arbitration demands were incorrectly addressed to "The Kattan Group, Inc." rather than to the properly named "Kattan & Kattan Group, Inc" and, therefore, the award should be vacated as a matter of law. The Supreme Court, in <u>Mullane v. Central Hanover Bank & Trust Co.</u>, established the due process requirements for notice, holding that, "[a]n elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." 339 U.S. 306, 314, 70 S. Ct. 652 (1950).

The Seventh Circuit, in <u>Employer Ins. of Wausau v. Banco de Seguros Del Estado</u>, 199 F.3d 937, 945 (7th Cir. 1999), being very similar to the present case, found that the opposing party was notified of an arbitration despite the fact that its name was misspelled in the arbitration documents. The Court held that the "burden of deciphering the technical error in its principal's name should have rested on the

-6-

principal's agents," and that the party demanding arbitration had provided "notice reasonably calculated of the pending arbitration award." Id.

In the instant case, Kattan & Kattan Group, Inc. was served arbitration documents that contained a technical error; however, the name of the entity was substantially similar to Kattan & Kattan Group, Inc. Additional facts, such as: 1) the documents that Kattan & Kattan Group, Inc. were served indicated that Kattan & Kattan General Contractors, Inc. were also a party to the arbitration; 2) there were multiple letters and telephone calls regarding the arbitration; and 3) said notice was faxed to a phone number that both Defendants shared, support a finding that Kattan & Kattan Group, Inc. was provided "notice reasonably calculated" of the pending arbitration. Consequently, Defendants' Motion is denied.

Unions, in their Motion, contend that because it is undisputed that an arbitration award was issued against Defendants, and that they failed to contest it within the applicable limitation period, summary judgment is warranted. Parties to a federal labor arbitration, who receive notice of such, may challenge the award within a 90-day limitations period. Int'l Union of Operating Eng'rs, Local 150, AFL-CIO v. Centor Contractors, Inc., 831 F.2d 1309, 1311 (7th Cir.1987). A letter notifying Kattan & Kattan Group, Inc. of the arbitration award was sent on June 8, 2005. The parties fail to provide an exact date on which Defendants first contested the award, therefore we

will assume that it was on October 13, 2005, the date they filed their Answer in the instant case and 132 days after the June 8, 2005 letter, notifying them of the award, was sent. Consequently, because Kattan & Kattan Group, Inc. failed to contest the award within the applicable 90 day limitation period, Unions' Motion is granted.

Unions also request an award of fees and costs incurred in enforcing the arbitration award. The Federal Arbitration Act does not authorize a district court to award attorney's fees to a party "who successfully confirmed an arbitration award in federal court." Harter v. Iowa Grain Co., 220 F.3d 544, 557 (7th Cir. 2000) (relying on Menke v. Monchecourt, 17 F.3d 1007, 1009 (7th Cir. 1994)). However, costs and attorney's fees have been awarded in such arbitration cases where a party refused "without justification" to abide by the arbitration award. Chauffeurs, Teamsters, Warehousemen & Helpers Local Union No. 135 v. Jefferson Trucking Co., 473 F. Supp. 1255, 1259-60 (S.D. Ind.1979).

Although it is evident that Defendants refused to abide by the arbitration award without justification, Unions make only a bare request for fees and costs. They do not provide us with any information related to the reasonableness of said fees and costs, which will not arbitrarily be awarded without ensuring such. Consequently, Unions' request for fees and costs is denied without prejudice.

## **CONCLUSION**

For the foregoing reasons, we grant Unions' Motion for Summary Judgment. We deny Unions' request for fees and costs without prejudice, as well as Defendants' Motion for Summary Judgment.

_____
Charles P. Kocoras
Chief Judge
United States District Court

Dated:   February 9, 2006